```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    For Online Publication Only
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE BUILDING
TRADES ANNUITY BENEFIT FUND, BUILDING
TRADES WELFARE BENEFIT FUND, and THE
ELECTRICIAN'S RETIREMENT FUND,

                                              Plaintiffs,          ORDER
                                                                   17-CV-4902 (JMA) (AKT)
            -against-

JANCO ELECTRIC INC.,

                                              Defendant.
------------------------------------------------------------------X
```

FILED
CLERK
3/7/2019 3:17 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiffs Trustees of the Building Trades Education Benefit Fund, the Building Trades Annuity Fund, Building Trades Welfare Benefit Fund, and the Electricians' Retirement Fund's (together, the "Plaintiffs") for default judgment against defendant Janco Electric Inc. ("Defendant" or "Janco") for $29,690.16, including: the principal amount of $18,848.33 in unpaid contributions; liquidated damages in the amount of $3,769.67; reasonable attorney's fees and litigation costs of $2,600.00 and $477.50 respectively; accounting fees of $2,306.00; and interest on the principal amount calculated at 5.5% (together with audit interest of $652.00), amounting to $1,688.66. (ECF Nos. 10, 11, 12, 13.) For the reasons stated herein, Plaintiffs' motion is GRANTED, and Plaintiffs are awarded a default judgment against Defendant in the amount of $29,038.16.

# I. DISCUSSION

## A. Defendant Defaulted

The Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

## B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint (ECF No. 1) are sufficient to establish Defendant's liability under Sections 502 and 515 of ERISA. 29 U.S.C. §§ 1132, 1145.

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiffs seek recovery of two categories of damages: (1) unpaid contributions in the amount of $18,848.33; and (2) liquidated damages in the amount of 20% of the unpaid contributions, totaling $3,769.67. (Alimenia Aff. Ex. E, ECF No. 11-5.) These two categories of

damages are recoverable pursuant to the parties' collective bargaining agreement ("CBA," Alimenia Aff. Ex. A, ECF No. 11-1) and under Section 502(g)(2) of ERISA. CBA, at 17; 29 U.S.C. § 1132(g)(2)(C).

The Court finds that Plaintiffs' submissions, including the CBA, Assumption Agreement, audit results, and statement of damages included as exhibits to the Affidavit of Albert Alimenia (ECF No. 11) establish the two categories of damages to a reasonable certainty. Accordingly, Plaintiffs are awarded $18,848.33 in unpaid contributions and $3,769.67 in liquidated damages.

### D. <u>Attorney's Fees and Costs</u>

Plaintiffs also request an award of $2,600.00 in attorney's fees and $477.50 in litigation costs incurred in litigating this action. (Carney Aff., ECF No. 12.) Plaintiffs are again entitled to recover reasonable attorney's fees and costs pursuant to the CBA and Section 502(g)(2) of ERISA. CBA, at 17; 29 U.S.C. § 1132(g)(2)(D). In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." <u>Millea v. Metro–North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." <u>Barrella v. Vill. of Freeport</u>, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." <u>Joseph v. HDMJ Rest., Inc.</u>, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Attorney's Affirmation in Support of Plaintiffs' Motion for Default Judgement includes the contemporaneous billing records for plaintiffs' counsel together with receipts for the filing fee ($400) and process service ($77.50). (Carney Aff., ECF No. 12.) The records indicate that counsel, an associate at the firm Barnes, Iaccarino & Shepherd, LLP, spent 10.5 hours litigating

3

this matter, and billed plaintiffs at a rate of $200.00. The billing records also include one entry for an "Audit Demand Letter," at the rate of $500.00, bringing the total requested attorney's fees to $2,600.00.

The Court has reviewed the billing records and finds the attorney's fees and litigation costs detailed therein to be reasonable and within the approved rate ranges for ERISA cases in the Eastern District of New York. See Ferrara v. CMR Contracting LLC, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants.") (internal quotation omitted). Accordingly, Plaintiffs are awarded $2,600.00 in attorney's fees and $477.50 in litigation costs.

### E. Audit Costs

Plaintiffs further request an award to recover the $2,306.00 in audit fees incurred in conducting the two audits to evaluate the accuracy of the contributions Plaintiffs received from the Defendant. (Carney Aff., ECF No. 12.) "The costs of an audit are routinely recoverable in ERISA actions." Ferrara, 848 F. Supp. 2d at 313. Accordingly, Plaintiffs are awarded $2,306.00 in audit fees.

### F. Interest

Finally, plaintiffs assert they are entitled to interest on the delinquent contributions in the amount of $1,036.66, together with "audit interest" in the amount of $652.00. Like the damages, attorney's fees and litigation costs, Plaintiffs are entitled to interest on the unpaid contributions pursuant to the CBA and Section 502(g)(2) of ERISA. CBA, at 17; 29 U.S.C. § 1132(g)(2)(B). The CBA states, "interest on delinquent contributions [is] calculated at the prime rate as stated in Federal Reserve Statistical Release on the date contributions are due plus two percent (2%)."

CBA, at 17. The interest rate on the $18,848.33 in unpaid contributions is thus 5.5%, for a total interest award of $1,036.66. However, Plaintiffs have not put forth any evidence to support the additional award of $652.00 in "audit interest." The CBA does not include a separate provision for "audit interest," and Plaintiffs have not indicated why they are otherwise entitled to the $652.00 in "audit interest" listed in their motion.[1] Moreover, it is not independently clear to the Court what this amount represents. The $1,036.66 fully compensates the plaintiffs for the 5.5% interest on the unpaid contributions as contemplated by the agreed-upon terms in the CBA and thus mandated by the award provision of ERISA. See Id.; 29 U.S.C. § 1132(g)(2)(B). Accordingly, Plaintiffs are entitled to $1,036.66 in interest on the unpaid contributions.

## II. CONCLUSION

For the reasons stated above, Plaintiffs' motion for a default judgment is granted. The Clerk of the Court is respectfully directed to enter judgment against the defendant as follows: Defendant Janco Electric Inc. is liable to plaintiffs Trustees of the Building Trades Education Benefit Fund, the Building Trades Annuity Fund, Building Trades Welfare Benefit Fund, and the Electricians' Retirement Fund's for $18,848.33 in unpaid contributions; $3,769.67 in liquidated damages; $2,600.00 in attorney's fees; $477.50 in litigation costs; $2,306.00 in audit fees; and $1,036.66 in interest, for a total award of $29,038.16. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: March 7, 2019
Central Islip, New York

                                                       /s/     (JMA)

---

[1] The listed "audit interest" of $652 appears to be the sum of the two amounts labeled "Interest Due" in the audit reports. (Alimenia Aff. Exs. C-D, ECF Nos. 11-3, 11-4.) However, Plaintiffs have not provided any definition of this line in the audit reports, nor identified at what rate this purported interest is calculated.

JOAN M. AZRACK  
UNITED STATES DISTRICT JUDGE